**STATE of Indiana ex rel. the BOARD OF SCHOOL TRUSTEES OF the WORTHINGTON–JEFFERSON CONSOLIDATED SCHOOL CORPORATION, Relator,**

v.

**The KNOX CIRCUIT COURT and Walter H. Palmer, as Special Judge of said court, Respondents.**

No. 1–1277A308.

Court of Appeals of Indiana, First District.

June 11, 1979.

William M. Evans, Indianapolis, Harvey K. Ramsey, Vincennes, for appellant.

Theodore L. Sendak, Atty. Gen., William G. Mundy, Deputy Atty. Gen., Richard J. Darko, Bingham, Summers, Welsh & Spilman, Indianapolis, Rabb Emison, Vincennes, for appellees.

LOWDERMILK, Presiding Judge.

## ON PETITION FOR ALTERNATIVE WRIT OF MANDATE AND WRIT OF PROHIBITION TO KNOX CIRCUIT COURT, FOLLOWING REMAND

The Board of School Trustees of the Worthington-Jefferson Consolidated School Corporation (School Board) seeks an alternative writ of mandate and writ of prohibition in aid of the appellate powers of this Court of Appeals.

## FACTS

On May 8, 1974, three teachers in the Worthington-Jefferson School Corporation, Steven Walton, Donald Terrell, and Billie Hunter, filed a complaint with the Indiana Education Employment Relations Board (IEERB) alleging that the School Board had committed an unfair practice by refusing to renew the teachers' contracts solely because of their exercise of rights provided by the Educational Employee Bargaining Act. IC 1971, 20–7.5–1–1 et seq. (Burns Code Ed.)

A hearing examiner employed by the IEERB found in favor of the teachers. On March 3, 1975, the IEERB adopted the hearing examiner's findings and ordered the School Board to reinstate the teachers.

The School Board sought review in the Knox Circuit Court pursuant to the Administrative Adjudication Act. IC 1971, 4–22–1–1 et seq. (Burns Code Ed.) After the trial court ordered the order of the IEERB set aside, the IEERB brought an appeal to this court. In an opinion filed October 5, 1976, and published at 355 N.E.2d 269, we held that the trial court had applied an improper standard of review. The judgment was reversed and the cause remanded to the trial court.

The trial court subsequently affirmed the order of the IEERB reinstating Walton, Terrell, and Hunter as teachers in the Worthington-Jefferson School Corporation. When the School Board brought an appeal to this court, we were asked to determine whether the IEERB has the statutory power to order reinstatement of a teacher wrongfully discharged for engaging in activity protected by the Educational Employee Bargaining Act.

In an opinion filed May 9, 1978, and published at 375 N.E.2d 281, we held that the IEERB has no authority to issue final orders for reinstatement of teachers. We quote from page 285 of 375 N.E.2d:

"Our holding that the IEERB is without power to make final orders of reinstatement necessarily leads to the conclusion that a wrongfully discharged teacher must seek reinstatement by seeking a preliminary injunction of reinstatement pending appeal of the IEERB's decision to the circuit court, *such order to become permanent upon the affirmance of the IEERB's factual determinations in favor of the teachers.* In the event that a School Board fails to pursue the appeal and fails to reinstate the wrongfully discharged teacher, an action for mandatory relief seeking reinstatement can be brought. In any event before the circuit court can order the preliminary injunction to be made permanent it must first review the evidence presented to the IEERB to determine whether such evidence was sufficient, as a matter of law, to support the factual determinations of the IEERB. . . . " (Our emphasis added)

In closing, this court gave the following instructions at page 285 of 375 N.E.2d:

"We have determined in the case at bar that, pursuant to IC 20–7.5–1–11, *supra,* the IEERB has power to enter interlocutory orders of reinstatement while the action is pending before the IEERB, but that the IEERB is without power to enter final and permanent orders of reinstatement. Therefore, although the Knox Circuit Court properly affirmed the factual determinations of the IEERB, the court erred in affirming the IEERB's final order of reinstatement. We, therefore, affirm the trial court's affirmance of the IEERB's factual determinations, and *remand the cause to the trial court with instructions that the trial court enter an original order of mandatory relief rein-*

*stating Walton, Terrell, and Hunter to their respective teaching positions, and that the trial court give whatever other relief it deems to be just and equitable.* Upon compliance with these instructions the judgment shall be in all things affirmed." (Our emphasis added)

On September 5, 1978, this court filed an opinion in response to the petitions for rehearing filed by the IEERB and by teachers Walton, Terrell, and Hunter. In that opinion we addressed two contentions: (1) that this court erred in holding that the IEERB is without power to make final orders of reinstatement, and (2) that this court erred in apparently failing to acknowledge that the trial court has the power to order payment of back wages to the illegally discharged teachers. After reaffirming our determination concerning the first issue, we made the following statements at 380 N.E.2d 93, 95, addressed to the second issue:

"In our opinion of May 9, 1978 we stated that after reviewing the factual determinations of the IEERB the trial court should 'fashion a remedy to cure whatever injustice has taken place' and 'should give whatever other relief is just and equitable.' Both the IEERB and Teachers have expressed concern that we have made no provision for the trial court to make an award for back pay. In order to avoid future confusion we now state that the trial court has the power to award back pay, and from the record with which we have been presented such would appear to be merited." (Footnote omitted)

Transfer was denied by the Supreme Court on February 8, 1979.

On April 13, 1979, the trial court issued its order of reinstatement. The School Board has brought the present action in this court seeking a writ mandating the Knox Circuit Court to expunge from the record its order of reinstatement so that the Knox Circuit Court can then hold a hearing and receive evidence on the issue of reinstatement.

ISSUE

In the opinion filed September 5, 1978, did this court supersede the instructions of May 9, 1978, for the trial court's entry of an original order of mandatory relief reinstating Walton, Terrell, and Hunter to their teaching positions?

DISCUSSION AND DECISION

The School Board insists that the Knox Circuit Court must be given opportunity to exercise equitable discretion in determining whether the teachers should be reinstated. The School Board also argues that we reached this very conclusion in our opinion filed September 5, 1978.

In its argument, however, the School Board totally ignores the issue which was being considered in our opinion written in response to the petitions for rehearing. We emphasized that the trial court " 'should give whatever other relief is just and equitable' "[1] in response to the question of whether or not the trial court has the power to award back pay. It was not our intention to eliminate our prior instructions for the trial court's entry of an order of reinstatement; we sincerely believe that a fair and reasonable reading of our opinion, filed September 5, 1978, demonstrates this fact.

It was and is the intent of this court that the said teachers be reinstated, said reinstatement having been heretofore ordered by the trial court on April 13, 1979, in compliance with this court's instructions. It was and is the further intent of this court that the trial court shall determine the amount of damages, if any, for back pay or any pay differential that may be due the teachers. It was and is the intent of this court that, in addition to ordering reinstatement, the trial court shall provide all proper equitable relief without this court in any way limiting the trial court's well-recognized equitable powers.

At oral argument the parties represented to this court that they have agreed to the

1. 380 N.E.2d 93, 95.

holding of a hearing in the near future concerning the amount of damages, if any. In the absence of a stipulation by the parties, the trial court shall conduct a hearing to determine the amount of damages, if any, sustained and shall enter its judgment and shall then report its judgment to this court. Accordingly, this court now withholds its final ruling on the petition for alternative writ of mandate and writ of prohibition until such time as it receives the supplemented record from the trial court.

LYBROOK and ROBERTSON, JJ., concur.