STATE of Indiana ex rel. the BOARD OF SCHOOL TRUSTEES OF the WORTHINGTON–JEFFERSON CONSOLIDATED SCHOOL CORPORATION, Relator,

v.

The KNOX CIRCUIT COURT and Walter H. Palmer, as Special Judge of Said Court, Respondents.

No. 1–1277A308.

Court of Appeals of Indiana, First District.

Dec. 17, 1979.

William M. Evans, Bose & Evans, Indianapolis, Harvey K. Ramsey, Ramsey & Black, Vincennes, for respondents.

Theo. L. Sendak, Atty. Gen., Jonathan L. Birge, Richard J. Darko, Bingham, Summers, Welsh & Spilman, Indianapolis, Rabb Emison, Emison, Emison & Doolittle, Vincennes, for relator.

LOWDERMILK, Presiding Judge.

The Board of Trustees of the Worthington-Jefferson Consolidated School Corporation (School Board) sought an alternative writ of mandate and writ of prohibition in aid of the appellate powers of this Court of Appeals.

The facts of the case and prior litigation and its determination are set out in an opinion of this court under date of June 11, 1979 and reported in 390 N.E.2d 232, Ind. App., and are now made a part of this opinion by reference.

This court determined in the original appeal of this cause, reported at 375 N.E.2d 281 (1978) Ind.App., *Board of School Trustees of Worthington-Jefferson Consolidated School Corporation v. Indiana Education Employment Relations Board,* that "The IEERB is given power to issue interlocutory

or temporary orders but not power to issue final orders of reinstatement."

Further, in this court's opinion written on Petition for Alternative Writ of Mandate and Writ of Prohibition to Knox Circuit Court following Remand, in *State of Indiana, ex rel. the Board of School Trustees of the Worthington-Jefferson Consolidated School Corporation, Relator v. The Knox Circuit Court and Walter H. Palmer, as Special Judge of said Court, Respondents,* Ind.App., 390 N.E.2d 232 (1979), this court again determined that the trial court, and not the Indiana Education Employment Relations Board (IEERB), had the authority to order the reinstatement of teachers illegally discharged and further held that such court "should give whatever other relief is just and equitable" which included the awarding of back pay as determined by the court.

The court further determined that if the parties were unable to stipulate the amount of damages that the "trial court shall conduct a hearing to determine the amount of damages, if any, sustained and shall enter its judgment and shall then report its judgment to this court." This court further withheld its final ruling on the petition for alternative writ of mandate and writ of prohibition until it received the supplemented record from the trial court.

The Special Judge of the Knox Circuit Court has fully complied with this order in filing his Special Findings of Fact, Conclusions of Law and his judgment thereon with this court which are now made a part of the record in this cause.

The acts of the Knox Circuit Court are now approved and confirmed in all things and the Petition for Alternative Writ of Mandate and Writ of Prohibition is denied.

ROBERTSON and NEAL, JJ., concur.